## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDEN M. LABARGE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:19CV00289 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **M. BRECKON, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Branden M. Labarge, Pro Se Petitioner.*

The defendant, a federal inmate sentenced by this court, has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to reduce his sentence by virtue of § 403 of the First Step Act of 2018. The petition will be summarily denied.

Labarge pleaded guilty in the United States District Court for the Northern District of Iowa in case number 1:06-cr-00005-LRR to two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). In January of 2007, that court sentenced him to a total term of 384 months in prison. Labarge did not appeal.

At the time Labarge was sentenced, a second or successive violation of § 924(c) resulted in a statutory mandatory consecutive minimum sentence of twenty-five years of imprisonment. 18 U.S.C. § 924(c)(1)C)(i) (2000). The

defendant was so sentenced, although there had been no intervening conviction for the first violation of the statute. Prior to § 403 of the First Step Act, this "stacking" of § 924(c) violations in a single indictment was held permissible. *See United States v. Deal*, 508 U.S. 129, 137 (1993).

Section 403 of the First Step Act of 2018, enacted in December of that year, changed the rule of the *Deal* case. It provides that

> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".

> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22, amending 18 U.S.C. § 924(c)(1)(C).

In limited circumstances, this court can address a § 2241 claim for reduction of an already imposed federal criminal sentence. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the sentence in question here was imposed on Labarge long before the enactment of the First Step Act, however, the amendment by its terms does not apply to him. *See Smith v. Gomez*, No. 5:19-CV-145, 2019 WL 1930128, at *2 (N.D.W. Va. Apr. 30, 2019). Accordingly, his § 2241 petition must be denied as lacking merit.

A separate Final Order will be entered herewith.

DATED:  May 16, 2019

/s/  James P. Jones
United States District Judge